UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02336-CAS-KES | Date | August 25, 2026 |
| Title | Robert Lacambra v. David Yamasaki et al | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 (Dkt. 3, filed August 20, 2026)

## I. INTRODUCTION

On August 20, 2026, plaintiff Robert Lacambra filed this action *in pro per* against defendants David Yamasaki ("Yamasaki"), in his official capacity as Court Executive Officer of the Superior Court of California, County of Orange ("Orange County Superior Court" or "Superior Court"); the Honorable Sheila F. Hanson ("Hanson"), in her official capacity as Presiding Judge of the Orange County Superior Court; and a John Doe Clerk ("Clerk"), in his official capacity as Clerk of the Court of the Superior Court of California (collectively, "Defendants"). Dkt. 1 ("Compl."). Plaintiff's complaint asserts two claims for relief pursuant to 42 U.S.C. § 1983 for (1) violations of the First and Fourteenth Amendments, against the Clerk; and (2) maintenance of an unconstitutional policy or custom, against Yamasaki and Hanson. Id.

On the same day, plaintiff filed the instant *ex parte* application, styled as an "emergency motion," for a temporary restraining order and a preliminary injunction against defendants. Dkt. 3 ("App."). Plaintiff seeks to enjoin defendants from withholding blank Judicial Council forms, declining to process plaintiff's completed filings, and "maintaining any custom, policy, or practice of denying vexatious litigants equal, unhindered access" to court forms and related services. Id. at 2-3.

On the same day, plaintiff also filed an *ex parte* application for an order directing service of process by the United States marshal, Dkt. 5, and an application to proceed *in forma pauperis* and without filing court fees, Dkt. 7.

Having carefully considered the plaintiff's arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff filed several exhibits in support of his complaint, including a notice of ruling on a motion to have plaintiff declared a vexatious litigant, filed in Orange County Superior Court and dated January 27, 2015. Dkt. 4, Ex. B. ("VL Notice"). Plaintiff also filed a declaration in support of his application for a temporary restraining order and preliminary injunction. Dkt. 10 ("Plaintiff Decl.").

On or around January 22, 2015, the Orange County Superior Court declared plaintiff to be a vexatious litigant pursuant to Cal. Civ. Proc. Code § 391(b)(1). VL Notice at 1-2. The Court also ordered that plaintiff "be required to obtain a pre-filing order before initiating any further civil action *in pro per*" pursuant to Cal. Civ. Proc. Code § 391.7(a). Id. at 2.

Plaintiff currently resides in his motorhome on real property located at 10631 Lexington Street, Stanton, California 90680. Plaintiff Decl. ¶ 6.

On or around August 6, 2026, plaintiff's landlord served plaintiff with a 60-day Notice to Vacate. Id. ¶ 7.

On or around August 19, 2026, plaintiff sought to file a complaint and apply for a temporary restraining order against his landlord in Orange County Superior Court for claims related to his eviction and living conditions. Id. ¶¶ 7-10. On that day, plaintiff went to the Superior Court's "self-help counter . . . to request the mandatory blank Judicial Council forms required to file my emergency landlord complaint, apply for fee waivers, and request removal from the vexatious litigant list." Id. ¶ 10. Clerk provided plaintiff with a form to request to file new litigation by a vexatious litigant. Id. ¶ 12. However, Clerk did not provide plaintiff with the other forms plaintiff requested, including a form to request an order to vacate a prefiling order and remove plaintiff from the vexatious litigant list. Id. ¶¶ 14-15, 17. Clerk stated that "[i]t is the court's policy to exclude vexatious litigants from their services, particularly providing forms." Id. ¶ 16.

As a result of Clerk's actions, plaintiff did not file his complaint in Superior Court. Id. ¶ 18. Plaintiff "remains physically trapped in a home without running water, facing imminent retaliatory eviction, with no legal method to access the court system to seek protection or to request complete removal from the list." App. at 8.

## III. LEGAL STANDARD

### A. Temporary Restraining Order

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting Winter and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). "[S]erious questions are those 'which cannot be resolved one way or the other at the hearing on the injunction.'" Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988).

A plaintiff seeking a preliminary injunction must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking, 559 F.3d at 1052. It is not enough that the claimed harm is irreparable—it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

If the Court issues a temporary restraining order, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

### B. Notice to Adverse Parties Pursuant to Fed. R. Civ. P. 65(b)(1)

An applicant who seeks a temporary restraining order without notice to adverse parties must also meet the additional requirements set forth in Fed. R. Civ. P. 65(b). See, e.g., Albrecht v. Birkfiolz, No. CV 23-1587, 2023 WL 3432258, at *1 n.1. (C.D. Cal. Mar. 6, 2023); Duran v. Sniff, No. 5:21-CV-01407, 2021 WL 8820645, at *3 (C.D. Cal. Nov. 30, 2021). Courts may only issue a temporary restraining order without notice if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Ninth Circuit has explained that "the circumstances justifying the issuance of an *ex parte* [temporary restraining] order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438-39 (1974)). These stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before a reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose, 415 U.S. at 438-39.

## IV. DISCUSSION

For reasons discussed below, the Court denies plaintiff's *ex parte* application without prejudice.

There is no indication that plaintiff has provided notice to defendants of his application for a temporary restraining order.

Issuance of a temporary restraining order without notice "may be appropriate 'where notice to the adverse party is impossible either because the identity of an adverse party is unknown or because a known party cannot be located in time for a hearing.'" Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can Co. v. Mansukhani, 742 F.3d 314, 322 (7th Cir. 1984)). There is nothing to suggest that such impossibility exists here. Presumably, all defendants can be located at their place of work, the Orange County

Superior Court. See Reno Air Racing, 452 F.3d at 1131 (finding no impossibility where the applicant "knew exactly where [the adverse party] was" and "never suggested that [the adverse party] could not be found"). At the very least, plaintiff knows where Clerk can be located, given plaintiff's recent interactions with Clerk at the Superior Court self-help counter. See Plaintiff's Decl. ¶ 10 (describing plaintiff's interactions with Clerk on August 19, 2026).

"In cases where notice could have been given to the adverse party, courts have recognized 'a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can. Co., 742 F.2d at 322). Here, plaintiff has provided no evidence that "his claims would in any manner be rendered fruitless unless his relief is granted without first providing notice." See Sniff, 2021 WL 8820645, at *3 (denying a *pro se* applicant's *ex parte* motion for injunctive relief on these and other grounds).

Therefore, plaintiff has not adequately explained why notice should not be required, nor has he certified any efforts he has made to provide defendants with notice. See Fed. R. Civ. P. 65(b)(1)(B); Birkfiolz, 2023 WL 3432258, at *1 n.2 (denying a *pro se* petitioner's application for a temporary restraining order, in part because the petitioner failed to provide the required certification under Rule 65(b)(1)(B)).

Accordingly, the Court **DENIES** plaintiff's *ex parte* application without prejudice. Plaintiff is admonished to consider whether defendants are immune from suit before proceeding further with this action.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's application for a temporary restraining order is **DENIED** without prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |