UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02336-CAS-KES | Date | September 2, 2026 |
| Title | Robert Lacambra v. David Yamasaki et al | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | v |

**Proceedings:** (IN CHAMBERS) - EMERGENCY JOINT MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Dkt. 13, filed August 26, 2026)

## I. INTRODUCTION

On August 20, 2026, plaintiff Robert Lacambra filed this action *in pro per* against defendants David Yamasaki ("Yamasaki"), in his official capacity as Court Executive Officer of the Superior Court of California, County of Orange ("Orange County Superior Court" or "Superior Court"); the Honorable Sheila F. Hanson ("Hanson"), in her official capacity as Presiding Judge of the\] Orange County Superior Court; and a John Doe Clerk ("Clerk"), in his official capacity as Clerk of the Court of the Superior Court of California (collectively, "Defendants"). Dkt. 1 ("Compl."). Plaintiff's complaint asserts two claims for relief pursuant to 42 U.S.C. § 1983 for (1) violations of the First and Fourteenth Amendments, against the Clerk; and (2) maintenance of an unconstitutional policy or custom, against Yamasaki and Hanson. Id.

On the same day, plaintiff filed an *ex parte* application, styled as an "emergency motion," for a temporary restraining order and a preliminary injunction against defendants. Dkt. 3. Plaintiff sought to enjoin defendants from withholding blank Judicial Council forms, declining to process plaintiff's completed filings, and "maintaining any custom, policy, or practice of denying vexatious litigants equal, unhindered access" to court forms and related services. Id. at 2-3. The Court denied plaintiff's application without prejudice based on plaintiff's failure to comply with Federal Rule of Civil Procedure 65(b). Dkt. 11.

On August 26, 2026, plaintiff filed the instant *ex parte* application for a temporary restraining order and preliminary injunction. Dkt. 13 ("App."). Plaintiff seeks to enjoin

"Defendants David H. Yamasaki and Hon. Sheila F. Hanson, in their official capacities, from continuing to enforce a widespread, unwritten administrative custom or practice that systematically denies designated vexatious litigants access to public counter services and withholds standard blank Judicial Council forms." Id. at 2. Plaintiff concurrently filed a first amended complaint, Dkt. 12 ("FAC"); a declaration in support of his FAC and the instant *ex parte* application, Dkt. 14; consolidated exhibits, Dkt. 15; a declaration regarding plaintiff's efforts to provide notice of his *ex parte* application for a temporary restraining order and order to show cause, Dkt. 16 ("Lacambra Decl."); and a proposed order to show cause as to why a preliminary injunction should not issue, Dkt. 17.

Having carefully considered the plaintiff's arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The factual background of this case is known to plaintiff and described in the Court's August 25, 2026 Order. See Dkt. 11.

## III. LEGAL STANDARD

### A. Temporary Restraining Order

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting Winter and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). "[S]erious questions are those 'which cannot be resolved one way or the other at

the hearing on the injunction.'" Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988).

A plaintiff seeking a preliminary injunction must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking, 559 F.3d at 1052. It is not enough that the claimed harm is irreparable—it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

If the Court issues a temporary restraining order, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

### B. Notice to Adverse Parties Pursuant to Fed. R. Civ. P. 65(b)(1)

An applicant who seeks a temporary restraining order without notice to adverse parties must also meet the additional requirements set forth in Fed. R. Civ. P. 65(b). See, e.g., Albrecht v. Birkfiolz, No. CV 23-1587, 2023 WL 3432258, at *1 n.1. (C.D. Cal. Mar. 6, 2023); Duran v. Sniff, No. 5:21-CV-01407, 2021 WL 8820645, at *3 (C.D. Cal. Nov. 30, 2021). Courts may only issue a temporary restraining order without notice if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Ninth Circuit has explained that "the circumstances justifying the issuance of an *ex parte* [temporary restraining] order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438-39 (1974)). These stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before a reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose, 415 U.S. at 438-39.

## IV. DISCUSSION

For reasons discussed below, the Court denies plaintiff's *ex parte* application without prejudice.

Plaintiff, who was previously declared to be a vexatious litigant, states that he attempted to provide notice of the instant *ex parte* application by emailing the application and related documents to the Orange County Superior Court's "Chief Legal Officer and General Counsel, John McCoy." Lacambra Decl. ¶¶ 3-10; see also Dkt. 15, Ex. H. However, plaintiff has not effectuated service in a manner that comports with Federal Rule of Civil Procedure 4. Plaintiff has not provided proof of service in connection with his complaint, let alone of plaintiff's application for a temporary restraining order.

Moreover, the Federal Rules do not appear to permit service by email in the instant action. Plaintiff sued Defendants Yamasaki and Hanson in their official capacities. See FAC. "The Ninth Circuit has not squarely addressed whether state officials sued in their official capacity must be served as individuals according to Rule 4(e) or as public entities according to Rule 4(j). But both Rules 4(e) and 4(j) allow for service pursuant to state law." Ward v. Stanislaus, No. 23-CV-06167, 2024 WL 3432000, at *2 (N.D. Cal. July 16, 2024). Neither Rule 4 nor California law expressly authorizes service by email on individuals or public entities. See Fed. R. Civ. P. 4; Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.50, 416.50.

California law also permits courts to direct service in "a manner which is reasonably calculated to give actual notice" when plaintiff has been unable to effect service under authorized methods despite exercising reasonable diligence. Cal. Civ. Proc. Code § 413.30(a)(1). Courts have granted requests to serve process by email under this provision. See, e.g., Bush v. Writers Guild of Am., W., Inc., No. 2:25-CV-11038, 2026 WL 1122205, at *2-3 (C.D. Cal. Apr. 20, 2026). However, § 413.30 "does not apply in an action against . . . an agent or employee of the governmental entity who has been sued in an official or individual capacity." See id. § 413.30(b). Because defendants in the instant action are alleged to be employees of a governmental entity, see FAC ¶¶ 12-14, § 413.30 does not appear to apply here. Even if § 413.30 did apply, plaintiff failed to seek the permission of this Court to effect service by email, nor has he demonstrated that defendants cannot be served by other authorized methods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02336-CAS-KES | Date | September 2, 2026 |
| Title | Robert Lacambra v. David Yamasaki et al | | |

Accordingly, the Court **DENIES** plaintiff's *ex parte* application without prejudice. Plaintiff is again admonished to consider whether defendants are immune from suit before proceeding further with this action.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's application for a temporary restraining order is **DENIED** without prejudice.

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ